## GLASFORD & SHIELD *vs.* BAKER & CAIN.

Section 328, page 154, statutes of 1863, construed with reference to the right of the adverse party to be examined as a witness when the "assignor of a thing in action or contract" has been so examined.

Whoever transfers an estate is an assignor, whether the estate be real or personal property, and whether the assignment be by deed or parol, and hence the vendor in a quit claim deed an assignor.

A thing in action, is something of which a man has not the actual possession, but the right to demand possession by action, or other proceeding.

The vendor by quit claim deed of the right to take water from off the land of another, which right was not reduced to possession, and where the vendor had no legal title to such right, but claims only under a contract giving him the equitable right, an assignor under Section 328 of the Statute.

The vendor in such a case having no legal fee to convey, the quit claim deed, not an executed conveyance, but an executory contract, and the Court will give it effect in the last capacity, and the vendor in such a case the assignor of a right resting in contract under Section 328.

The assignee can take only such interest as the assignor has to convey, and in this case the only right Roberts, the vendor, had was to demand the possession and enjoyment of this water right, and a legal conveyance of the same, and hence his assignees, the plaintiffs, could assert no other right in this case.

Appeal from the First Judicial District.

Opinion by WYCHE, Associate Justice.

In 1862, A. B. Roberts and Cain, one of the defendants, entered into a written agreement, signed by the parties, but neither acknowledged nor recorded, by which Cain agreed in consideration of one hundred dollars paid him to permit Roberts to take from out of Mill Creek, on Cain's land, sufficient water to run the machinery of a planing mill of Roberts. In 1864, by warranty deed, Cain sold the land to Baker, one of the defendants' from off of which Cain had sold to Roberts the right to take water as aforesaid, there being, however, no mention or reservation in the deed to Baker of this previously sold water right

Roberts in 1864, sold his planing mill to the plaintiffs and in 1865, by quit-claim deed, sold to plaintiffs all right which he might have under this aforesaid contract between him and Cain, and thereupon the plaintiffs institute suit against the defendants to compel them to make a legal conveyance, alleging that Baker purchased from Cain with knowledge of Roberts' rights, and hence took his land charged with all flowing equities. Baker denied all knowledge; and upon trial, Roberts having been examined as a witness to charge Baker with notice, Baker was thereupon allowed to be examined as a witness, under Sec. 328, page 154, statutes of 1863, and the jury having found for the defendants, a *pro forma* judgment was rendered for defendants, and so the question to be determined by this Court under the agreed statement of facts is Baker's competence as a witness.

The questions which would seem to be in the case will be briefly considered. A chose in action is something of which a man has not the actual possession, but a right to demand possession by action or other proceeding. 2 Black Com., page 397; Wharton's Law Dict., page 142.

At the time of the purchase of Baker, the plaintiffs did not take water from off the land purchased by him, though from a point near thereto; nor was water being taken from off this land at the time plaintiffs purchased from Roberts. In this view therefore, the plaintiffs bought something not reduced to possession, but resting in the right to take and demand possession. The statute, it will be seen, says assignor of a thing in action or contract. Now Roberts, in the conveyance to plaintiffs, purported to convey the legal title but did not, in fact, as the fee was not in him, and hence the conveyance not operating as an executed conveyance will be held to be an executory contract, and the Court will give it effect in the last capacity. "A grant of land in which the grantor has no estate, whatsoever, will be considered as a contract to convey any interest which he may subsequently acquire." Leading Cases in Equity, Vol. 2, part 2d, pages 226-7; *Mitchell vs. Winslow*, 2d Story, 630; *Woodworth vs. Sherman*, 3 *id.*, 175; *Mc Williams vs. Nisby*, 2

S. &. R., 507; Wilson's estate, 2d Barr, and numerous other authorities there noted and examined. When an assignment does not pass the legal title it can only be good as an executory contract. Cases in Equity, Vol. 2, part 2d, page 233 and cases there cited. Roberts, therefore, having no fee in the land, the only rights he held, were what the contract with Cain gave him; these were the right to demand and take possession from Cain and compel him to make all suitable conveyance of this right to him. But the assignee can take only such interest as his assignor has to transfer. 2 Lead. Cases in Equity, page 236. At the time of the conveyance Roberts having neither the fee nor the possession, could convey neither, and could convey only the right to demand title and possession from Cain, and this right resting in contract, he would be held an "assignor of a thing in action or contract." So the authorities referred to as between vendor and vendee, are believed not applicable. Indeed, it would seem that in this view only, would the plaintiffs have any status in court; for if the deed taken from Roberts be an executed conveyance, vesting the plaintiffs with all rights necessary to the possession and enjoyment of the matter in issue, then there would seem to be no ground on which this action could be maintained. The right of a person disseized of land, or of the right of entry thereto, is a chose in action. 4 Kent's Com., 10th Ed., page 67; 1 Tomlins' Law Dict., page 326.

Whether Roberts be the assignor of a "thing in action or contract" may be a serious question; but the fact of his being an assignor, though discussed, would perhaps not be much open to question. Whoever may transfer the whole of a particular estate is an assignor, whether the estate be personal or real property or the assignment be by deed or parole. Wharton's Law Dict., page 69; Bouvier's Law Dict., page 133-4.

It would appear, therefore, that the defendant, Baker, was properly admitted as a witness in the court below, and the *pro forma* judgment below will be affirmed, and made final.